```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

GHULAM NASIM                                CIVIL ACTION

VERSUS                                      NO: 14-2647

COMMANDER GOODLY, ET AL.                    SECTION: "A" (1)
```

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Orleans Parish District Attorney, Leon Cannizzaro. Plaintiff Ghulam Nasim has not filed any opposition. The motion, set for hearing on January 14, 2015, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff Ghulam Nasim claims that on November 22, 2013, four unknown men assaulted him as he was waiting for a taxi cab at the 1400 block of North Broad Avenue. Plaintiff alleges that the four men struck him repeatedly and demanded money. Plaintiff alleges that the defendants have not contacted him regarding the incident that occurred, despite a request filed with Commander Goodly's office as to the status of capturing the assailants.[1] (Rec. Doc. 1 Comp. at 3). Plaintiff broadly alleges that the

---

[1] The Court notes that Plaintiff sent letters regarding this incident to defendant Goodly, defendant Cannizzaro, and Mayor Mitchell J. Landrieu. (Rec. Doc. 1-1, at 2, 5, 14).

named defendants conspired to cover-up and derail Plaintiff's case, which violated "fundamental rules of justice." (Rec. Doc. 1 Comp. at 4).

Plaintiff filed this Complaint *pro se* on November 19, 2014 seeking damages for (1) past, present, and future physical pain and suffering; (2) past, present, and future mental pain and suffering; (3) past, present, and future medical and hospital bills; (4) loss of personal property stolen by the assailants; and (5) all legal costs. Plaintiff claims that he is entitled to these damages, amounting to four million dollars plus interest and legal costs, as a result of defendants' "willful negligence."

Defendant Cannizzaro moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and upon the basis of absolute immunity. (Rec. Doc. 6-1 Comp. at 1).

## II. **STANDARD OF REVIEW**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

*Pro se* pleadings must be given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). On the other hand, *pro se* litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Christian Leader. Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th

Cir. 2001)).

### III. DISCUSSION

Prosecutors are entitled to absolute immunity when acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Closely related to the application of this immunity, the Fifth Circuit has stated that there is no constitutional right to have another person criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)(citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)). Initiating, investigating, and pursuing a criminal prosecution are all generally considered to be within the scope of protected prosecutorial duties. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This absolute immunity applies even in the face of allegations of "reprehensible" or "abhorrent" conduct. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff's general allegation that defendant Cannizzaro has failed to initiate a prosecution against the alleged perpetrators as part of a conspiracy to cover up this crime falls clearly under the scope of *Imbler* and the line of Fifth Circuit cases referenced above. *See Morrison*, 761 F.2d at 248 (holding that prosecutorial absolute immunity applies where the plaintiff alleged, among other things, that defendants engaged in a conspiracy to cover up the details surrounding their son's

4

death). Thus, Plaintiff's claims against defendant Cannizzaro must be dismissed.

Further, the Court notes that 28 U.S.C. § 1915 gives the courts the authority to dismiss the claims of a plaintiff proceeding *in forma pauperis* if the Court determines, at any point, that "the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915; *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).

The Fifth Circuit has explicitly upheld a finding that a complaint was frivolous under 28 U.S.C. § 1915 due to the clear application of prosecutorial immunity. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Consistent with that precedent, this Court holds that the claims stated against defendant Cannizzaro are frivolous. As identical claims are stated against the other defendants in this case, the Court also finds those claims to be frivolous. *See Oliver*, 904 F.2d at 281 ("Even if [the sheriff] was the person with the authority to decide whether or not to pursue criminal charges, [the plaintiff] would have no claim [because of absolute immunity].").

Finally, the Court finds that Plaintiff has pleaded his "best case" and thus will not be permitted to amend his Complaint. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir.

2009)(citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Given the presence of absolute immunity and the controlling precedent in this Circuit as to allegations similar to those stated by Plaintiff, further amendment based on these facts would not cure the Complaint's current deficiencies.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Orleans Parish District Attorney, Leon Cannizzaro, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), is **DISMISSED WITH PREJUDICE** as to all claims against all defendants.

February 12, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE