UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GHULAM NASIM                                    CIVIL ACTION

VERSUS                                          NO: 14-2647

COMMANDER GOODLY, ET AL.                        SECTION: "A" (1)

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed
by defendant Orleans Parish District Attorney, Leon Cannizzaro
and a **Motion to Dismiss (Rec. Doc. 17)** filed by defendants Chris
Goodly, in his official capacity as the Commander of the Fifth
District of the New Orleans Police Department, and Michael
Harrison, in his official capacity as the Superintendent of the
New Orleans Police Department.  The Court initially dismissed
Plaintiff Ghulam Nasim's claims, but then vacated that order upon
noting Plaintiff's address change.  (Rec. Doc. 15).  The Court
reset the submission date on the motion and instructed Plaintiff
to file any opposition by March 31, 2015.  In response, Plaintiff
filed **a Motion to Stay All Action Until Following Constitutional
Issues are Resolved (Rec. Doc. 22)**[1] in which he asks the Court to
stay the matter until he can retain an attorney to represent him
in this matter.

---

[1] Initially filed on March 23, 2015.  A corrected version
was re-filed on April 20, 2015.

1

The motions are before the Court on the briefs without oral argument. For the reasons that follow, Defendants' motions are **GRANTED**.

I.    <u>BACKGROUND</u>

Plaintiff Ghulam Nasim claims that on November 22, 2013, four unknown men assaulted him as he was waiting for a taxi cab at the 1400 block of North Broad Avenue. Plaintiff alleges that the four men struck him repeatedly and demanded money. Plaintiff alleges that the defendants have not contacted him regarding the incident that occurred, despite a request filed with Commander Goodly's office as to the status of capturing the assailants.[2] (Rec. Doc. 1 Comp. at 3). Plaintiff broadly alleges that the named defendants conspired to cover-up and derail Plaintiff's case, which violated "fundamental rules of justice." (Rec. Doc. 1 Comp. at 4).

Plaintiff filed this Complaint *pro se* on November 19, 2014 seeking damages for (1) past, present, and future physical pain and suffering; (2) past, present, and future mental pain and suffering; (3) past, present, and future medical and hospital bills; (4) loss of personal property stolen by the assailants; and (5) all legal costs. Plaintiff claims that he is entitled to these damages, amounting to four million dollars plus interest

---

[2] The Court notes that Plaintiff sent letters regarding this incident to defendant Goodly, defendant Cannizzaro, and Mayor Mitchell J. Landrieu. (Rec. Doc. 1-1, at 2, 5, 14).

and legal costs, as a result of defendants' "willful negligence."

## II.  <u>STANDARD OF REVIEW</u>

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court

does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

A motion based on Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the Court's jurisdiction to hear a particular matter.

*Pro se* pleadings must be given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991). On the other hand, *pro se* litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Christian Leader. Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## III. **DISCUSSION**

## a.   **Subject Matter Jurisdiction**

Defendants Goodly and Harrison challenge this Court's jurisdiction to hear this matter based on Plaintiff's lack of citation to any specific law or constitutional right in his Complaint.  The Court is not persuaded by this argument.  Giving the Complaint a liberal construction, it appears that Plaintiff is attempting to argue that the lack of response by law

enforcement has violated some due process right which he
possesses.  The question of whether Plaintiff has adequately
stated such a claim is the province of an analysis under Rule
12(b)(6).

**b.  Failure to State a Claim**

Plaintiff's statement that "the named defendants and their
associates in conspiracy joined together, to cover-up, to derail
the petitioner's case, violating fundamental rules of justice"
represent the type of conclusory statement that the precedent
cited above has declared insufficient to allow a claim to remain
in federal court.  Plaintiff has not added any allegations that
expand on this claim.

The only specific allegations provided by Plaintiff are that
Defendants have failed to respond to his requests for updates
about the investigation.  The Court is sympathetic to Plaintiff's
injuries and the resulting difficulties.  The Court is also
sympathetic to Plaintiff's frustrations in obtaining more
information about the criminal investigation and for his desire
to see justice fulfilled.  However, Plaintiff has not cited, and
the Court is not aware of, any duty that Defendants have under
federal law to respond to such status requests.[3]  Without such a

---

[3] The Court notes that the New Orleans Police Department
defendants have since mailed a letter to Plaintiff at his last
known address updating him on the status of the investigation.
(Rec. Doc. 24).

basis upon which to rest his claim, the Court cannot allow the claim to proceed.

Finally, the Court finds that Plaintiff has pleaded his "best case" and thus will not be permitted to amend his Complaint. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)(citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).  Further amendment based on these facts would not cure the Complaint's current deficiencies.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Orleans Parish District Attorney, Leon Cannizzaro and the **Motion to Dismiss (Rec. Doc. 17)** filed by defendants Chris Goodly, in his official capacity as the Commander of the Fifth District of the New Orleans Police Department, and Michael Harrison, in his official capacity as the Superintendent of the New Orleans Police Department are **GRANTED** for the reasons stated above.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to all claims of Plaintiff under federal law.  To the extent Plaintiff attempts to state any claims under state law, an issue which the Court does not address today, such claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the **Motion to Stay All Action Until Following Constitutional Issues are Resolved (Rec. Doc. 22)**

is **DENIED.**

June 10, 2015

_____
                    JAY C. ZAINEY
       UNITED STATES DISTRICT JUDGE